IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 22-226 |
| | ) |
| DANILO CHAMBERS | ) |

**Opinion and Order on Motion for Time Credit**

Presently before the Court is Danilo Chambers' Motion for Time Credit, in which he seeks credit for time he served in custody prior to imposition of his sentence. ECF No. 223. The government has filed a Response in Opposition, arguing that this Court lacks jurisdiction to consider the Motion. ECF No. 227. For the reasons explained below, the Motion will be denied for lack of jurisdiction.

I. **Background**

Mr. Chambers was charged in a one-count Indictment, along with three other defendants, with conspiracy to possess with intent to distribute and distribution of a quantity of a mixture and substance containing a detectible amount of a Schedule II controlled substance and a Schedule I controlled substance. ECF No. 109. In their plea agreement, Mr. Chambers and the government stipulated that Mr. Chambers was responsible for at least 1.2 kilograms of fentanyl, but less than 4 kilograms of fentanyl. Plea Agr. at ¶ C.2; ECF No. 109-1. On May 18, 2023, Mr. Chambers was sentenced to a term of imprisonment of 63 months, to be followed by three years of supervised release. ECF NO. 146.

II. **Exhaustion of Administrative Remedies**

The government first argues that the Court lacks jurisdiction over Mr. Chambers' Motion because there is no evidence that he has exhausted his administrative remedies. As an initial matter, it is the Attorney General, through the Bureau of Prisons (BOP), who is responsible for

determining the calculation of a term of imprisonment, including crediting the amount of time a defendant served in prior official custody. *United States v. Wilson*, 503 U.S. 329 (1992);18 U.S.C. § 3585(b). The BOP awards an inmate credit for prior custody only for time served while in "official detention." 18 U.S.C. § 3585(b) ("defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences"). Thus, in the first instance, it is the responsibility of the BOP, not this Court, to determine the proper credit to be given to a defendant once a term of imprisonment is imposed.

If an inmate is dissatisfied with the BOP's calculation of his time served credit, then he must raise this issue with the BOP, starting with presenting a complaint to a member of their Unit Team. 28 C.F.R. §§ 542.10-19. If the matter is not resolved at that level, then the inmate may raise a formal complaint with the Warden, followed by an Appeal, and, if necessary, an Appeal to the BOP's Office of General Counsel.

Mr. Chambers has not submitted any evidence to show that he has begun the administrative process, much less that he has fully exhausted his administrative remedies. The Court concludes that Mr. Chambers has not exhausted his administrative remedies; therefore, the Court lacks jurisdiction over the Motion, and the Motion will be denied.

### III.   Challenges to the Execution of a Sentence

The government also argues that, even if Mr. Chambers had exhausted his administrative remedies, he has filed his challenge in the wrong district. Mr. Chambers' request for relief is a challenge to the execution of his sentence. Such challenges must be filed as a petition pursuant to 28 U.S.C. § 2241 and they must be filed in the district where the inmate is incarcerated. Therefore, Mr. Chambers should have filed his challenge to the calculation of credit for time

served, where is incarcerated, which is the Federal Correctional Institution in Atlanta, Georgia. Thus, the Motion will be denied for the additional reason that this Court lacks jurisdiction to consider Mr. Chambers' Motion, as it was filed in the wrong district.

### IV.   Conclusion

Mr. Chambers' Motion for Credit for Time Served will be denied.

### ORDER

AND NOW, this 16th day of June 2025, it is ORDERED that Danilo Chambers' Motion for Credit for Time Served, ECF No. 223, is DENIED for lack of jurisdiction.

                                                                              s/*Marilyn J. Horan*
                                                                           Marilyn J. Horan
                                                                           United States District Judge

Danilo Chambers, pro se
Reg. No. 54547-177
FCI ATLANTA
Federal Correctional Institution
P.O. BOX 150160
ATLANTA, GA 30315